IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID ELLIS, ID # 1647707, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:12-CV-1117-B-BH |
| ) | |
| WARDEN PHILLIPS, et al.,[1] ) | Referred to U.S. Magistrate Judge |
|     Defendants. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** as frivolous.

**I. BACKGROUND**

Plaintiff brings this action under 42 U.S.C. § 1983 against Warden Phillips, warden of the Dawson State jail; Ms. Freeman, head of the jail medical staff;, and Carla Payne Wendborn, a nurse. He claims that while he was an inmate at the Dawson State jail on February 20, 2012, he slipped in his cell and cut his chin on a part of the bed that was sharp due to a missing protective rail. Plaintiff alleges that the warden was negligent in not responding to grievances about the missing bed rail or ensuring its replacement, and that he received insufficient medical care for his injury from all three defendants. (Compl. at 3-4; Brief at 2-5 ). He seeks monetary damages. (Brief at 13-14).

**II. PRELIMINARY SCREENING**

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his

---

[1] Although the Clerk's Office initially listed Dawson State Jail as a defendant on the docket, Plaintiff's complaint and brief in support make clear that he is only suing three individuals. The jail is therefore removed as a defendant in this case. Even if it had been sued, the jail is a non-jural entity that is not subject to suit under § 1983. *Williams v. City of Dallas Police Dep't*, No. 3:09-CV-0275-P, 2009 WL 812239, at *2 (N.D. Tex. Mar. 26, 2009) (accepting recommendation of Mag. J.); *Searcy v. Cooper*, No. 3:01-CV-0112-D, 2001 WL 435071, at *3 (N.D. Tex. Apr. 20, 2001) (recommendation of Mag. J.), *accepted by* unpub. order (N.D. Tex. May 15, 2001).

complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III.  SECTION 1983

Plaintiff seeks monetary damages and injunctive relief under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.  Claims Against Supervisors**

Plaintiff sues the warden and the head of the jail medical staff because of the medical care he received.  Plaintiff alleges that, in their supervisory positions, they were responsible for ensuring that no employee under their supervision violated the constitutional rights of the inmates. (Brief at 2-3).  Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or respondeat superior liability.  *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005).   In order to prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right.  *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000).  The acts of a subordinate "trigger no individual § 1983 liability."  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999).  There must be some showing of personal involvement by a particular individual defendant to prevail against such individual.  *Id.*  A plaintiff cannot make generalized allegations. *Howard v. Fortenberry,* 723 F.2d 1206 (5th Cir.1984).  Here, Plaintiff has alleged no personal involvement by either the warden or the head of medical staff; his medical care claims against them are based solely on their supervisory roles.

Plaintiff also sues the warden because he filed grievances with his warden's office about the missing bed rail but received no response.  (Brief at 5, 7-8).  Plaintiff has failed to allege personal involvement by the warden in an alleged violation of his constitutional rights.  A mere failure to respond to a grievance letter does not rise to the required level of personal involvement for liability. *See Amir-Sharif v. Valdez*, 2007 WL 1791266, slip op. at  *2 (N.D. Tex. June 6, 2007) (holding that no liability under § 1983 had been alleged because a failure to take corrective action in response to

3

a grievance does not rise to the level of personal involvement); *Praylor v. Partridge*, 2005 WL 1528690, slip op. at *2 (N.D. Tex. June 28, 2005) (same); *Anderson v. Pratt*, 2002 WL 1159980, slip op. at *3 (N.D. Tex. May 29, 2002) (holding that a viable *Bivens* claim against a warden had not been alleged because denying an administrative grievance does not rise to the level of personal involvement, especially where the grievance was filed after the events which allegedly violated the plaintiff's civil rights).

Even if the warden had been personally involved, Plaintiff has not alleged that the failure to have the rail repaired was a purposeful act. Any alleged negligence, even if it caused an unintended injury, did not violate Plaintiff's constitutional rights. *See Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 635 (5th Cir. 1999) (holding that negligence by state officials does not constitute a due process violation under the Fourteenth Amendment); *Quine v. Livingston*, 2006 WL 1662920, *1 (S.D. Tex. June 12, 2006) (finding that prisoner's claim that officers' failure to place "wet floor" signs around ice machine resulted in his falling and breaking his ankle was a "garden-variety" negligence claim that did not present an issue of constitutional dimension). Plaintiff's claims against the warden and the medical staff manager should be dismissed.

## G. Claims Against Nurse

Plaintiff also claims that the nurse who initially treated his cut provided inadequate medical care. The Constitution requires humane conditions of confinement, which includes the receipt of adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials violate this requirement only when (1) the deprivation is objectively and sufficiently serious such that the act or omission results in the denial of "the minimal civilized measure of life's necessities" and (2) the official had a culpable state of mind. *Id.* at 834 (citations omitted). The objective component

requires deprivation of a sufficiently serious medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To satisfy the second component, the officials must be deliberately indifferent "to a substantial risk of serious harm to an inmate." *Farmer*, 511 U.S. at 828. This state of mind requires more than negligence but less than intent to cause harm or knowledge that harm will result from the acts or omissions. *Id.* at 835. An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

This state of mind "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations and internal quotation marks omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Here, Plaintiff alleges that after he fell and cut his chin, he spoke to the nurse about his injury by teleconference from Galveston, Texas. She refused to give him medication for pain and instead told him that he only needed a bandage. (Compl. at 3-4; Brief at 4, 6). When his cut was still bleeding the following day, he was seen by a doctor and received eight stitches to close the wound. (Brief at 11).

Plaintiff complains about the type of medical treatment he received. Mere disagreement with medical treatment is insufficient to state a claim, however. *Gibbs v. Grimmette*, 254 F.3d 545, 549

5

(5th Cir. 2001). A failure to provide additional treatment does not show deliberate indifference because decisions to provide additional treatment are matters of medical judgment. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Domino v. Texas Dep't Crim. J*, 239 F.3d at 756. Even unsuccessful medical treatment does not give rise to a § 1983 violation. *Varnado v. Lynaugh*, 920 F.2d 321, 321 (5th Cir. 1991). Plaintiff's allegations do not rise to the level of deliberate indifference. He does not state a constitutional violation because he does not allege that the nurse refused to treat him, ignored his medical complaints, or intentionally treated him incorrectly. *Johnson v. Treen*, 759 F.2d at 1238. Even if his complaint is construed as alleging that this nurse delayed his medical care by her actions, a delay in medical care is a constitutional violation only if there has been deliberate indifference which results in substantial harm, which he has not alleged. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Little v. Spears*, 55 F.3d 632, *2 (5th Cir. May 2, 1995) (no deliberate indifference where an inmate received medical treatment for a serious cut to the ear forty-eight hours after injury). Plaintiff's claims against the nurse should also be dismissed.

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

---

[2] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

6

**SIGNED this 23rd day of April, 2012.**

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE